UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-62312-RAR

**MARTIN BERNSLEY**,

    Plaintiff,

v.

**THE ADVANCE GROUP**, *et al.*,

    Defendants.
_____/

## ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendants' Rule 12(b) Motion to Dismiss [ECF No. 35] ("Motion"), filed on May 13, 2022.[1] The Court having reviewed the parties' written submissions, the applicable law, and the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion [ECF No. 35] is **GRANTED IN PART** for the reasons set forth herein.

## BACKGROUND

In approximately 1998, Plaintiff hired Defendant Molloy Bros. Trucking Inc. to pack and remove the contents of his former residence in Roslyn, New York, and place them in a warehouse operated by Defendant Advance Group for storage. Am. Compl. [ECF No. 29-1] ¶ 12. The personal property comprised furniture, antiques, paintings, and craft art pieces along with items of a personal nature such as photographs, documents, and memorabilia. *Id.* ¶ 13. Defendant Advance Group billed Plaintiff for storage monthly by mail, and Plaintiff usually paid his accumulated fees

---

[1] The Motion is fully briefed and ripe for adjudication. *See* Affirmation in Opp'n to Mot. to Dismiss ("Response") [ECF No. 38]; Defs.' Reply Mem. of Law in Supp. of Their Rule 12(b) Mot. to Dismiss ("Reply") [ECF No. 41].

once a year, totaling approximately $75,000 between 1998 and 2019. *Id.* ¶ 14. Beginning in 2019, Plaintiff failed to pay his accruing storage fees, *id.* ¶ 15, but promised to pay all outstanding charges by December 2020, *id.* ¶ 16. On October 26, 2020, Defendant Advance Group notified Plaintiff via email that it intended to enforce its warehouse lien for non-payment of storage fees. *Id.* ¶ 17. Three days later, Defendant Advance Group notified Plaintiff via email that it intended to sell Plaintiff's property on November 12, 2020, without providing further information. *Id.* ¶ 18.

Between October 26, 2020, and November 12, 2020, Plaintiff wrote a series of emails to Defendant Advance Group, in which he insisted that he did not receive a notice of sale or other papers required by the laws of New York, *id.* ¶ 19; that Defendant Advance Group was in violation of New York law and was depriving Plaintiff of the right to redeem his property, *id.* ¶ 21; that the value of his property exceeded $50,000, *id.* ¶ 22; and that the sale of Plaintiff's property would cause him anguish, *id.* ¶ 24. On November 11, 2020, Defendant Advance Group notified Plaintiff that it had sent Plaintiff a notice of sale via U.S. Mail and provided a tracking number, which indicated that the notice was shipped on October 22, 2020, but was delayed in transit. Am. Compl. ¶¶ 25–26, 28. Plaintiff received the notice on November 27, 2020. *Id.* ¶ 29. Defendants sold Plaintiff's property on November 12, 2020, for a total of $2500, far less than Plaintiff's estimated value of the goods. *Id.* ¶¶ 31, 33.

Plaintiff is a resident of Florida. Am. Compl. ¶ 1. Defendants Advance Group and Molloy Bros. Trucking Inc. ("Corporate Defendants") are corporations incorporated in New York with their principal places of business in New York. *Id.* ¶¶ 3–4. Defendant Anthony Parziale is a resident of New York. Mot. at 10.

Plaintiff alleges six causes of action: (1) bailee's illegal warehouseman's lien sale under New York law against Corporate Defendants, Am. Compl. ¶¶ 38–54; (2) conversion under New York law against Corporate Defendants, *id.* ¶¶ 55–72; (3) conversion under New York law against

Defendant Anthony Parziale, *id.* ¶¶ 73–77; (4) intentional infliction of emotional distress under Florida law against all Defendants, *id.* ¶¶ 78–93; (5) violation of the Florida Deceptive and Unfair Trade Practices Act under Florida law against Corporate Defendants, *id.* ¶¶ 94–104; and (6) punitive damages under New York and/or Florida law against all Defendants, *id.* ¶¶ 105–09.

     Plaintiff, proceeding *pro se*, filed his original Complaint on November 10, 2021. [ECF No. 1]. Defendants moved to dismiss on February 9, 2022. [ECF No. 19]. Plaintiff moved for leave to amend on April 13, 2022, [ECF No. 29], which the Court granted on April 14, 2022, [ECF No. 30]. Plaintiff's Amended Complaint, attached as an exhibit to his motion for leave to amend, was thereby deemed filed. [ECF No. 30]. Defendants now move to dismiss the Amended Complaint under Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction, 12(b)(3) for improper venue, and 12(b)(6) for failure to state a plausible claim for relief.

## LEGAL STANDARD

To determine whether personal jurisdiction exists, a federal court sitting in diversity undertakes a two-step inquiry: "the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *AcryliCon USA, LLC v. Silikal GmbH*, 985 F. 3d 1350, 1363–64 (11th Cir. 2021) (quoting *Diamond Crystal Brands, Inc. v. Food Movers Intern., Inc.*, 593 F.3d 1249, 1257–58 (11th Cir. 2010)). "There are two types of personal jurisdiction: specific and general." *Madara v. Hall*, 916 F.2d 1510, 1516 n.7 (11th Cir. 1990). "General personal jurisdiction is based on a defendant's substantial activity in [a state] without regard to where the cause of action arose," whereas "specific personal jurisdiction authorizes jurisdiction over causes of action arising from or related to the defendant's actions within [a state]." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1352 (11th Cir. 2013) (citations omitted).

"In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff must establish a prima facie case of jurisdiction over a non-resident defendant." *Courboin v. Scott*, 596 F. App'x 729, 732 (11th Cir. 2014) (per curiam) (citations omitted). "A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." *Madara*, 916 F.2d at 1514 (citation omitted). If a plaintiff pleads sufficient facts to support the exercise of personal jurisdiction, the burden shifts to the defendant to make a prima facie showing of the inapplicability of the state's long-arm statute. *See Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (per curiam).

To the extent the defendant's proffered evidence does not contradict the plaintiff's jurisdictional allegations, the plaintiff's allegations must be accepted as true. *See Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1215 (11th Cir. 1999). But to the extent the defendant does contradict the plaintiff's allegations, the burden shifts back to the plaintiff, this time requiring the plaintiff to prove—not merely allege—jurisdiction by affidavits, testimony, or other documents. *See id.* at 1214–15; *Future Tech.*, 218 F.3d at 1249. A party cannot meet its evidentiary burden by submitting affidavits asserting only "conclusory assertions of ultimate fact." *Posner*, 178 F.3d at 1215. Rather, the affidavits must "set forth specific factual declarations within the affiant's personal knowledge." *Id.* "In the event of a conflict, all reasonable inferences should be made in favor of the plaintiff." *Sutherland v. SATO Global Solutions, Inc.*, No. 17-61596, 2018 WL 3109627, at *3 (S.D. Fla. Apr. 10, 2018).

As a general rule, courts should address jurisdictional issues, such as challenges to personal jurisdiction, before reaching the merits of a plaintiff's claims. *See, e.g., Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 941 (11th Cir. 1997). This is logical because

"[a] court without personal jurisdiction is powerless to take further action." *Posner*, 178 F.3d at 1214 n.6.

## ANALYSIS

Plaintiff's Amended Complaint alleges only that the Court has personal jurisdiction over Defendants and does not specify which section of Florida's long-arm statute confers such jurisdiction.[2]  Am. Compl. at 1.  In his Response, however, Plaintiff argues that specific jurisdiction is appropriate under section 48.193(1)(a)(2) for committing a tortious act within Florida.  Resp. at 16.  Plaintiff fails to cite a provision of Florida's long-arm statute to support general jurisdiction, but the Court infers from his reference to Defendants' "substantial and not isolated activity" in Florida that he means to invoke section 48.193(2).  *Id.* at 19.

### I. The Court Lacks General Personal Jurisdiction over All Defendants

Under Florida's long-arm statute, courts sitting in Florida may exercise general personal jurisdiction over any defendant "who is engaged in substantial and not isolated activity within this state, . . . whether or not the claim arises from that activity."  Fla. Stat. § 48.193(2).  "The reach of section 48.193(2) extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment."  *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015) (cleaned up).  So the Court need only determine whether the exercise of general jurisdiction over Defendants would exceed constitutional bounds.  *See id.*

As mentioned *supra*, Plaintiff's Amended Complaint provides nothing to establish the Court's general jurisdiction over Defendants.  Defendants rebut Plaintiff's bland and conclusory assertion of the Court's personal jurisdiction with three declarations attached to their Motion.  Jim

---

[2]  It is questionable whether Plaintiff's Amended Complaint alleges sufficient facts to even establish personal jurisdiction under Florida's long-arm statute.  The Court need not reach this issue, however, because even if the Amended Complaint is sufficient, the Court still finds that it lacks personal jurisdiction over Defendants.

Molloy Jr., the senior vice president of both Corporate Defendants, declares that Defendant Advance Group:

> (i) does not maintain any office in Florida; (ii) is not registered with the Florida Department of State to do business as a foreign business entity in Florida; (iii) does not have any assets in Florida; (iv) does not engage in solicitation activities within Florida; and (v) does not engage in service activities within Florida.

Mot. at 10.  He further declares that Defendant Molloy Bros. Trucking Inc.:

> (i) does not offer moving services under its carrier authority into Florida; (ii) does not maintain any office in Florida; (iii) is not actively registered with the Florida Department of State to do business as a foreign business entity in Florida; (iv) does not have any assets in Florida; (v) does not engage in solicitation services within Florida; and (vi) does not engage in service activities under its carrier authority within Florida.

*Id.*  The declaration of Defendant Anthony Parziale states that he:

> (i) resides in the State of New York; (ii) is not an employee of any entity that maintains an office in or has any assets in Florida; (iii) is not an employee of any entity that is actively registered with the Florida Department of State to do business as a foreign business entity in Florida; (iv) is not an employee of any entity that engages in solicitation activities within Florida or that engages in services activities under its carrier authority within Florida; (iv) does not have any assets in or have any property registered in Florida; (v) did not have any personal knowledge regarding Plaintiff's account and/or his outstanding storage charges until after commencement of this action; and (vi) in his individual capacity, did not send or issue any invoices, emails, or letters to Plaintiff.

*Id.* at 10–11.

Because Defendants provide sworn declarations rebutting Plaintiff's threadbare allegations, the burden shifts back to Plaintiff to prove jurisdiction by affidavits, testimony, or other documents. *See Posner*, 178 F.3d at 1214–15; *Future Tech.*, 218 F.3d at 1249.  As to general jurisdiction, Plaintiff relies on evidence from testimonials published on the website of Defendant

Molloy Bros. Trucking Inc.³  Resp. at 20.  Plaintiff argues that the testimonials prove Defendant Molloy Bros. Trucking Inc. relocated "at least 51 customers [who] moved into Florida out of 297 in the last 5 or 6 years" and thus meets the standard of "continuous and systematic contact." *Id.* at 19–20.

Whether Plaintiff's evidence meets the requirement of "set[ting] forth specific factual declarations within the affiant's personal knowledge" is questionable. *Posner*, 178 F.3d at 1215. But in the spirit of drawing "all reasonable inferences" in favor of Plaintiff, and because Plaintiff's evidence conflicts with Defendants' declarations, the Court accepts Plaintiff's evidence as true. *See Sutherland*, 2018 WL 3109627, at *3.

The Supreme Court has held that the "paradigm forum" for the exercise of general jurisdiction over a corporation is its place of incorporation and principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "Outside of these two exemplars, a defendant's operations will be so substantial and of such a nature as to render the corporation at home in that State only in an exceptional case." *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1317 (11th Cir. 2018) (cleaned up).  In other words, to satisfy due process under the Constitution, Plaintiff must show that Corporate Defendants' "activities in [this] forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business." *Id.* at 1318 (quoting *Carmouche*, 789 F.3d at 1205).

---

³ Defendants take exception to Plaintiff's use of the website testimonials as evidence of jurisdiction, arguing that "[t]hese exhibits must . . . be disregarded as the Court is limited to 'consideration of the allegations found within the four corners of the complaint.'"  Reply at 4–5 (quoting *Migliazzo v. Wells Fargo Bank, N.A.*, 290 So. 3d 577, 578–79 (Fla. 2d DCA 2020)).  While the principle Defendants state is generally true, Plaintiff enjoys leeway to introduce outside evidence to meet his burden of rebutting Defendants' prima facie showing that the Court lacks personal jurisdiction over them.  *See Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268 (11th Cir. 2002) (discussing plaintiff's documentary evidence proving personal jurisdiction, which included excerpts from defendant's website).

A comparison between this case and *Carmouche* reveals that Plaintiff has not made this showing. In *Carmouche*, the Eleventh Circuit affirmed the district court's dismissal of an action against a Panamanian corporation with Florida contacts including "insurance policies with several Florida companies, a bank account with Citibank that is handled by a department in Miami, and membership in the Florida Caribbean Cruise Association, a non-profit trade organization." 789 F.3d at 1203. Defendant Molloy Bros. Trucking Inc.'s lone connection with Florida—the destination for a small percentage of its interstate relocations—is less pronounced than those considered in *Carmouche*. *See also Aronson v. Celebrity Cruises, Inc.*, 30 F. Supp. 3d 1379, 1386 (S.D. Fla. 2014) (finding no general personal jurisdiction over a defendant corporation that contracted with Florida-based cruise lines, purchased insurance in Florida, and was paid from Florida banks); *Crowe v. Paragon Relocation Res., Inc.*, 506 F. Supp. 2d 1113, 1123 (N.D. Fla. 2007) (finding no general personal jurisdiction over a relocation services provider that performed approximately forty relocations for a Florida-based client per year).

As to Defendant Advance Group, Plaintiff's only evidence is an interstate carrier license issued by the U.S. Department of Transportation that allows operation in all fifty states. Resp. at 20. This bears no significance whatsoever on the Court's general jurisdiction in Florida. And as to Defendant Anthony Parziale, Plaintiff provides no evidence at all. Accordingly, the Court finds that it lacks general personal jurisdiction over any Defendant.

**II. The Court Lacks Specific Personal Jurisdiction over All Defendants**

Under Florida's long-arm statute, courts sitting in Florida may obtain jurisdiction over a nonresident if the cause of action arises from the nonresident's specific forum-related contacts. Fla. Stat. § 48.193(1). Such contacts include the commission of a tortious act within the state. *Id.* § 48.193(1)(b). A defendant need not be physically present in the state to commit a tort here. *Brennan v. Roman Catholic Diocese of Syracuse N.Y., Inc.*, 322 F. App'x 852, 854 (11th Cir.

2009). Rather, a defendant's tortious act may result from its telephonic, electronic, or written communications into the state. *Id.* at 854–55. But specific jurisdiction will not attach if the cause of action does not arise from the communications themselves. *Id.* The cause of action thus will "depend upon proof of either the existence or the content of any of the communications into Florida." *Horizon Aggressive Growth, L.P. v. Rothstein–Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005).

Plaintiff invokes the Court's specific personal jurisdiction only as to the tort claims of intentional infliction of emotional distress and conversion. Resp. at 16. So the Court turns to whether Defendants' alleged acts giving rise to these claims occurred within Florida.

In short, the answer is no. Even viewing the allegations in the light most favorable to Plaintiff, all acts Plaintiff alleges were committed entirely within New York. Plaintiff claims that "[i]n New York Advance and Molloy jointly sold [P]laintiff's property on November 12, 2020." Am. Compl. ¶ 31. All allegations as to conversion stem from this sale of his property within New York. *See id.* ¶¶ 55–77. As to intentional infliction of emotional distress, Plaintiff claims that "Defendants recklessly and intentionally caused Plaintiff[] emotional distress by refusing to follow the requirements of the warehouseman's law including failure to give proper notice of sale, proper advertisement, proper display of [P]laintiff's goods[,] and selling more of [P]laintiff's goods than was necessary to satisfy its lien." *Id.* ¶ 80. Again, this alleged conduct occurred entirely in New York.

Plaintiff attempts to salvage specific jurisdiction in his Response by reframing his claims. Specifically, he argues that "Plaintiff's position is that his claim of intentional infliction of emotional distress (IIED) occurred in Florida as a result of [D]efendants' emails sent directly to [P]laintiff in Florida causing emotional injury." Resp. at 16. Plaintiff cites *Internet Solutions Corp. v. Marshall* for the proposition that a nonresident's electronic communications may establish

specific jurisdiction when "made into Florida." 39 So. 3d 1201, 1208 (Fla. 2010). But his Amended Complaint clearly and unambiguously cites the sale of his property in New York, not Defendants' emails directed to him in Florida, as the source of his alleged emotional distress. Am. Compl. ¶ 86 ("Plaintiff informed [D]efendants via email of the anguish the sale would cause."); ¶ 87 ("Despite the knowledge that they were violating the statute and were about to cause anguish[,] [D]efendants proceeded to sell all of [P]laintiff's property."); ¶ 89 ("The conduct of [D]efendants in holding the sale had a profound effect upon [P]laintiff's physical and mental condition."); ¶ 90 ("[As a] result of [D]efendants' omissions and failures with regard to observation of the law, extinguishing [P]laintiff's right to redeem[,] and selling more of Plaintiff's property tha[n] was necessary to satisfy its lien, and the consequences proximately caused by it, [P]laintiff suffered severe humiliation, mental anguish, and emotional and physical distress . . . ."); ¶ 91 ("[D]efendants recklessly and illegally sold off memorabilia . . . all of this to [P]laintiff's anguish and damage."). Nowhere in the Amended Complaint does Plaintiff connect his alleged emotional distress to Defendants' emails. The Court cannot allow Plaintiff to manufacture jurisdiction by amending his complaint in a response to a motion to dismiss.[4] *Guerrero v. Target Corp.*, 889 F. Supp. 2d 1348, 1356 n.6 (S.D. Fla. 2012). Accordingly, because all their alleged tortious acts occurred outside Florida, the Court has no specific personal jurisdiction over Defendants.

Because the Court lacks personal jurisdiction over Defendants, the Court does not reach the parties' arguments under Rules 12(b)(3) or 12(b)(6).

### III. Transfer of This Case to the Eastern District of New York Is Appropriate

In the alternative to dismissal, Defendants request that this case be transferred to the appropriate court in New York. Mot. at 17. A court that lacks personal jurisdiction over a

---

[4] Relatedly, the Court will not *sua sponte* grant Plaintiff leave to amend his claims and manufacture jurisdiction based on the findings of this Order in a Second Amended Complaint.

Page **10** of **12**

defendant may transfer the case under 28 U.S.C. § 1404(a) rather than dismiss. *See Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 992 n.16 (11th Cir. 1982); *Elliott v. Williams*, 549 F. Supp. 3d 1333, 1342 (S.D. Fla. 2021); *Recao v. Bell Helicopter Textron, Inc.*, No. 14-60202, 2014 WL 12595302, at *5 (S.D. Fla. Sept. 23, 2014).

"To determine the propriety of transfer to a different district, courts engage in a two-step analysis under section 1404(a). First, courts determine whether the action could have been brought in the venue in which transfer is sought. Second, courts assess whether convenience and the interest of justice require transfer to the requested forum." *Osgood v. Discount Auto Parts, LLC*, 981 F. Supp. 2d 1259, 1264 (S.D. Fla. 2013) (cleaned up). "Courts consider several factors in making this determination, including the plaintiff's choice of forum; convenience of the parties and witnesses; availability of compulsory process for witnesses; access to sources of proof and location of relevant documents; financial ability to bear the cost of change; the public interest; and all other considerations that make trying the case easy and efficient." *Recao*, 2014 WL 12595302, at *5.

Although the Court notes that certain factors weigh against transfer—most notably Plaintiff's choice of forum and convenience—the interests of justice ultimately require that this case be transferred to the Eastern District of New York under 28 U.S.C. § 1404(a). All Defendants are at home in New York, and all alleged events leading to this action occurred in New York. Any evidence of or witnesses to Defendants' alleged conduct would be located in New York. Most importantly, unlike this Court, the Eastern District of New York has personal jurisdiction over Defendants, and dismissing the action outright would ultimately prejudice Plaintiff, whose case has yet to be considered on the merits. Based on this analysis, the Court concludes that transferring the case to the Eastern District of New York is appropriate.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Defendants' Motion [ECF No. 35] is **GRANTED IN PART**.

2) The Clerk is directed to **TRANSFER** this case to the Eastern District of New York for further proceedings.

3) Any other pending motions are **DENIED** as moot.

4) The Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 24th day of July, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**